UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THIRD DEGREE FILMS, INC.,** | Civil Action No. 12-5817 (WJM) |
| Plaintiff, | |
| v. | |
| **JOHN DOES 1-110,** | **ORDER** |
| Defendants. | |

    This is an action for copyright infringement. Plaintiff seeks leave to conduct expedited discovery in order to ascertain the identities of Defendants, John Does 1-110. Presently before the Court is Plaintiff's motion for leave to serve third-party subpoenas prior to a Federal Rule of Civil Procedure 26(f) conference [CM/ECF No. 5.]  The motion is unopposed.  No argument was held.  Fed. R. Civ. P. 78(b). The motion is **denied without prejudice**.

    Plaintiff, a California corporation, alleges that it is the owner of a federally registered, copyrighted pornographic movie (the "Work"). (Comp. ¶¶ 11-13.)  On September 12, 2012, Plaintiff filed a complaint against Defendants, known only by their Internet Protocol ("IP") addresses,[1] asserting claims for direct and contributory infringement in violation of 17 U.S.C. §§ 106 and 501. Plaintiff alleges that through the use of BitTorrent, a common peer-to-peer file sharing protocol used for distributing large amounts of data through the internet, Defendants copied and distributed the Work without Plaintiff's permission or consent. (See Comp.)

    According to the Plaintiff, because the alleged infringement occurred on the internet, Defendants acted under the guise of their IP addresses rather than their real names.  Plaintiff maintains that it cannot establish Defendants' true identities without obtaining information from Defendants' respective Internet Service Providers ("ISPs"),

---

[1] Plaintiff retained a forensic investigation company to identify the IP addresses associated with individuals downloading and sharing the Works.  (Comp. ¶¶ 36-42; Declaration of Tobias Fieser ("Fieser Dec.") ¶¶ 4-6.)

which can link the IP addresses to a person or entity. (See Fieser Dec. ¶ 8.) By way of this motion, Plaintiff seeks an order permitting it to serve subpoenas upon Defendants' ISPs[2] in order to obtain the name, address, telephone number, e-mail address and Media Access Control address of each of the Defendants. Plaintiff argues that without this information, Plaintiff will not be able to serve the complaint and proceed with the case. (Plaintiff's Brief in Support of Motion ("Pl.s Br.") at 6.)

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed.R.Civ.P. 26(d)(1). The Court, however, may grant leave to conduct discovery prior to a conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances...." Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)(quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012)(granting limited early discovery only as to John Doe 1); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D.Cal.Oct. 27, 2011)(finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F.Supp.2d 1063, 1066 (C.D.Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D.Cal. 2002).

There are two problems with Plaintiff's request.

First, the joinder of 110 John Doe defendants in this context appears inappropriate. In a seemingly identical case, The Honorable Faith S. Hochberg, U.S.D.J., issued a comprehensive order setting forth the problems with such joinder. See Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187, No. 12-3865 (D.N.J. Oct. 10, 2012). Judge Hochberg severed and dismissed without prejudice to re-file all claims against all defendants except John Doe 1. This Court fully agrees with Judge Hochberg's Order and will follow the reasoning therein. Although not in a position to dismiss claims at this time, the Court will only address the request to conduct expedited discovery as to John Doe 1. The motion for the remaining John Doe defendants is **denied without prejudice** in contemplation of the severance and dismissal of the claims.

---

[2]The Complaint identifies the name of each defendant's ISP, its IP address and location, and the date of each alleged act of copyright infringement. (See Compl. Ex. A.)

Second, the motion as to John Doe 1 is also **denied without prejudice.** Plaintiff fails to define John Does 1-110 in its complaint other than to state that "[e]ach Defendant is known to Plaintiff only by an IP address." (Comp. ¶ 2.) In some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network. See <u>VPR Internationale v. Does 1-1017</u>, No. 11-2068, 2011 WL 8179128 (C.D.Ill. Apr. 29, 2011). As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed.

Granting Plaintiff's motion has the potential to permit Plaintiff to obtain detailed personal information of innocent individuals. This could subject an innocent individual to an unjustified burden.

The Court recognizes the challenge faced by Plaintiff to identify Defendant in order to serve the complaint. The Court will permit Plaintiff to submit a new motion for expedited discovery as to John Doe 1 (1) setting forth a detailed plan that addresses the Court's concern regarding potentially innocent indiviuals, as expressed in this Order. Any such motion should include how Plaintiff intends to utilize the name, address, telephone number, e-mail address and Media Access Control address of any IP subscriber if obtained, and (2) adequately providing sufficient legal support for the application, particularly with regards to the concerns raised in <u>In re Bittorrent</u>, 2012 WL 1570765.

**SO ORDERED**.

                                                          s/Mark Falk
                                                          **Mark Falk**
**Dated: January 17, 2013**                 **United States Magistrate Judge**